### SHOTWELL and MAYRANT *v.* BENJAMIN KILGORE.

To constitute a lien under the statute of 22d February, 1840, (Hutch. Code, 627,) for the benefit of mechanics, the contract must be made between the proprietor or lessor of the property and the person agreeing to do the work or to furnish the materials.

IN error from the circuit court of Chickasaw county; Hon. F. M. Rogers, judge.

William Sample, who was a mechanic, in February, 1851, made a contract with Shotwell and Mayrant to build them a storehouse; Sample to furnish the lumber for the same; and he went to Kilgore, who kept a saw-mill, and purchased the lumber from him.   Shotwell and Mayrant did not purchase

11*

the lumber from Kilgore, but they paid Sample for the lumber and for building the house, who soon after moved away.

Kilgore filed his petition against the appellants, to enforce his lien for the lumber, and obtained judgment against them, who prayed a writ of error to this court.

*W. F. Dowd* for appellants.

The benefit of the statute under which this petition was filed, can only be claimed by those who bring themselves strictly within its provisions. It gives a lien to all who do mechanics' work on a house, or furnish materials, by special or implied agreement. Hutch. Code, 627; *Jones* v. *Alexander*, 10 S. & M. 627.

Kilgore furnished no materials to the appellants for the building of the house; for he says, in his petition, that he sold and delivered the lumber to Sample, who afterwards sold it to appellants, and he built them a house with it, for which he was paid by them. These facts clearly show that there was no contract, either express or implied, between Kilgore and appellants to pay for the lumber.

*Featherston* and *Cushman* for the appellee.

The testimony on behalf of Kilgore shows that the lumber was furnished and used for the building; and the statute under which the petition was filed does not require that there shall be an express contract. Hutch. Code, 627, § 1–3. Its meaning is, that he who receives another's labor or materials for mechanical purposes, shall pay for them, and, to more effectually secure that object, a lien is created on the building and lot until the labor or materials are paid for.

A contract may be enforced, although only implied. It is only essential that it shall be made in accordance with the law, and be founded upon a sufficient consideration. None of these requisites are denied here. Therefore the judgment is correct.

Mr. Justice FISHER delivered the opinion of the court.

The defendant in error brought his suit by petition before a justice of the peace of Chickasaw county, to enforce a lien

which he insisted existed in his favor, by virtue of the act of 22d of February, 1840, Hutch. Code, 627, " entitled, An Act to reduce into one the several acts, and parts of acts, for the benefit of mechanics."

The defendant sold certain lumber to one Sample, who was a carpenter employed by the plaintiffs to make an addition to their storehouse. Sample failing to pay for the lumber, the defendant in error brought his action to enforce, what he alleged, his lien on the lot, for payment of the amount due for the lumber. Sample is not shown to have been either the proprietor or lessor of the lot sought to be subjected to the payment of the debt in controversy. On the contrary, the evidence is clear that he had no interest whatever in the property. To constitute a lien under the statute of 1840, the contract must be made between " the proprietor or lessor " of the property on the one part, and the person agreeing to do the work or to furnish the materials.

The plaintiffs in error made no contract with the defendant. Their contract was with Sample, whom they have paid.

The judgment is manifestly wrong. The petition on its face, discloses no cause of action whatever against the plaintiffs in error. Judgment reversed, new trial granted, and cause remanded.