GEORGE READ and WIFE *v.* EMSLEY D. BROWN, Guardian, &c.

PROBATE COURT: JURISDICTION: ASSIGNMENT OF DISTRIBUTIVE SHARE.—The Court of Probates has no jurisdiction to determine, upon an assignment made by a distributee of his interest in an estate; and hence, cannot refuse distribution to him, upon the ground that he has made such assignment.

Read and wife *v.* Brown, Guardian, &c.

APPEAL from the Court of Probates of Copiah county.    Hon. J. Millsaps, judge.

*R. B. Mayes*, for appellant,

Cited *Burnett* v. *Strong*, 26 Miss. R. 125; *Houston* v. *Williams*, decided at this term.

The following authorities were cited in behalf of appellee: *Carmichael* v. *Browder*, 3 How. 252; *Magee* v. *Mellon*, 23 Miss. R. 585; *Robins* v. *McMillan*, 26 Ib. 430; *Loomis* v. *Com'l. B'k. of Columbus*, 4 How. 660; *Benoit* v. *Brill*, 7 S. & M. 32.

HANDY, J., delivered the opinion of the court.

This was a petition for distribution of an intestate's estate in the Probate Court, the parties entitled being the widow and one child. The petition was filed by the widow, who had previously married Read; and it was opposed by the *guardian ad litem* of the child, on the ground, that the widow had previously conveyed and alienated, all her interest in the estate, except one slave; and that defence was sustained, and the petition dismissed.

It is clear that this was error.    The court had no jurisdiction of the question of her assignment of her interest in the estate.    As a party entitled to her share of the estate, the court could recognize only her right, and apportion to her such part of the estate as she might be entitled to.    Whether she was capable of enjoying such portion, and of appropriating it to her benefit, if the same had been assigned or conveyed by her to another person, is a question of which the Probate Court had no jurisdiction, and this has been repeatedly held by this court.    *Burnett* v. *Strong et al.* 26 Miss. 125; *Houston* v. *Williams*, at this term.

Indeed if her interest was assigned or conveyed, it was necessary that it should be ascertained by the Probate Court, in order to give the assignee the substantial benefit of it, and the application for the purpose of having that interest ascertained and set apart, must be made by her, and could not be made by the assignee.    *Houston* v. *Williams*.

Decree reversed and cause remanded, for further proceedings.